# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA C. GOMEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FRESNO POLICE DEPARTMENT; FRESNO FBI; LOS ANGELES FBI; SACRAMENTO FBI; CBHC; FRESNO COUNTY SUPERIOR COURT; CHILD PROTECTIVE SERVICES,<br><br>　　　　Defendants.<br>_____/ | Case No.  1:16-cv-00526-LJO-SKO<br><br>**ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH 30 DAYS LEAVE TO AMEND** |

## I.   INTRODUCTION

On April 14, 2016, Plaintiff, proceeding pro se, filed a complaint against the Fresno Police Department, "Fresno FBI," "Los Angeles FBI," "Sacramento FBI," "CHBC," Fresno County Superior Court, "Child Protective Services," "Federal Govierno Mexico," and "Tijuana MX." (collectively "Defendants"). (Doc. 1). Plaintiff also filed a motion to proceed *in forma pauperis* ("IFP"). (Doc. 3.)  For the reasons set forth below, it is RECOMMENDED that Plaintiff's complaint be DISMISSED without prejudice and with leave to amend.

## II.   FACTUAL ALLEGATIONS

This is Plaintiff's third complaint filed in this district.  *See Gomez v. County of Fresno, et al.*, No. 1:16-cv-00122-AWI-BAM (*Gomez I*); *Gomez v. Los Angeles Department of Justice, et al.*, No. 1:16-cv-00208-LJO-SKO (*Gomez II*); *Gomez v. Fresno Police Department, et al.*, No. 1:16-cv-00526 LJO-SKO (*Gomez III*).  Though brief and unclear, the factual allegations of Plaintiff's complaint in *Gomez III* appear redundant of those alleged in her complaint in *Gomez II*[1], and arising from the same precipitating incident alleged in her complaint in *Gomez I*[2].  Plaintiff invokes federal jurisdiction because her

> Husband is viewing records from Mexico of myself and others.  Years of continuance gangstalking and physical harrasment after my marriage with Miguel Gomez have caused a major destruction on my daily living.

(Doc. 1, p. 4.)  Plaintiff further alleges that her husband "almost took my life 6/2015" and was "deported on a false imprisonment after almost ending my life[.]"  (Doc. 1, p. 5.)  Since that time, she has been

> . . . having a hard time in my county as being his wife unaware of His Lifestyle Background when help is in order His Government steps in leading our U.S. Government to believe I've been helped but they Gangstalk me being Govierno officiales so I've got enough evidence to file my lawsuit in hopes to be heard.

---

[1]   As summarized in the Court's order dismissing the complaint for failure to state a claim and comply with Federal Rule of Civil Procedure 8(a):

> While unclear, it appears Plaintiff reported to Defendants that her husband was "gang stalking" her, but defendants responded that this was hard to prove. Plaintiff believed her phone "line was crossed or as the police department stated it could be a cloned phone line [and she] needed to change the # or contact a higher agency after being hurt by a guy[']s girlfriend."  (Doc. 1, p. 6.)  That is the extent of Plaintiff's allegations.

(*Gomez v. Los Angeles Department of Justice*, Doc. 3, p. 3.)

[2]   As summarized in the Court's order dismissing the complaint for failure to state a claim and comply with Federal Rule of Civil Procedure 8(a):

> Plaintiff alleges as follows: "In May 2015 me and my husband seperated [sic] due to our mental health conditions and concerns of comanding [sic] voices He would believe and react out violently towards me too." (Doc. 1 at 5). As relief, Plaintiff states the following: "5/29/15 the police were aware he had been abusing me only walking him out the home with one child after complaining he returned 6/4/15 Almost Taking my life from me 8/4/15 I testified in regards to the Incident." (Doc. 1 at 6). Plaintiff attaches a number of exhibits to her complaint, which are comprised of police event reports and court records.

(*Gomez v. County of Fresno*, Doc. 6, p. 2.)

2

(Doc. 1, p. 5.)  Plaintiff believes "our government" has "destructed" her life via "phone lines cloned, slandering, blackmailing me causing destruction to my family and friendships."  (Doc. 1, p. 6.)  That is the extent of Plaintiff's allegations.

### III.   DISCUSSION

**A.    Plaintiff's Complaint is Dismissed Without Prejudice and With Leave to Amend**

**1.    Screening Standard**

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).  "[A] complaint [that] pleads facts that is 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).  Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.  *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (quoting *Twombly*, 550 U.S. at 555).  Allegations of a pro se

complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### 2. Plaintiff's Claims are Likely Barred by Res Judicata

The doctrine of res judicata bars the re-litigation of claims previously decided on their merits. *Headwaters, Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 (9th Cir. 2005). "The elements necessary to establish res judicata are: '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'" *Headwaters, Inc.*, 399 F.3d at 1052 (quoting *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.2d 1064, 1077 (9th Cir. 2003)).

Plaintiff's statement of factual allegations and federal claims in this action are nearly identical to the statement of her factual allegations and federal claims in *Gomez v. Los Angeles Department of Justice*, No. 1:16-cv-208-LJO-SKO, and appears to involve the same factual allegations and federal claims that Plaintiff's husband abused her and attempted to murder her, and the authorities failed to protect her from her husband in *Gomez v. County of Fresno*, No. 1:16-cv-122. It appears that Plaintiff is attempting to re-litigate the same claims against the same parties, previously dismissed in the previous cases. Because Plaintiff's federal claims may be absolutely barred pursuant to the doctrine of res judicata, her instant complaint must be dismissed, without prejudice and with leave to file an amended complaint distinguishing how the factual allegations and claims alleged in this action differ from those previously brought in *Gomez v. Los Angeles Department of Justice* and *Gomez v. County of Fresno*. *Headwaters, Inc.*, 399 F.3d at 1052.

### 2. Plaintiff Fails to State a Cognizable Claim

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a claim upon which relief can be granted. Plaintiff will be granted leave to amend her claims to the extent she can do so in good faith. To assist Plaintiff, the Court provides the relevant pleading standards below.

#### a. Federal Rules of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556-57.

Plaintiff's complaint lacks important factual details regarding what happened and who was involved. Absent this basic factual information, the Court cannot determine whether Plaintiff states a cognizable claim. Plaintiff's complaint also fails to provide any information regarding the nature of her claims or the underlying causes of action. In other words, the Court cannot ascertain what legal claims Plaintiff is attempting to assert against which defendants or even how the defendants are involved in this action.

**b.     Claims Under 42 U.S.C. § 1983**

While the factual allegations underpinning Plaintiff's complaint are unclear, to the extent she is attempting to set forth a civil rights claim, the Civil Rights Act provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statue plainly requires there be an actual nexus or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).

> A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.

*Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff fails to specifically link any defendant in this action to her claims. If Plaintiff elects to amend her complaint, she must allege what each defendant did or did not do that resulted in the violation of her constitutional rights.

//

//

### i. Federal Agencies Are Not Amenable To Suit

"The United States, including its agencies and employees, can be sued only to the extent that it has expressly waived its sovereign immunity." *Kaiser v. Blue Cross of Cal.*, 347 F.3d 1107, 1117 (9th Cir. 2003) (citing *United States v. Testan*, 424 U.S. 392, 399 (1976)). "[A]ny lawsuit against an agency of the United States or against an officer of the United States in his or her official capacity is considered an action against the United States." *Balser v. Dep't of Justice, Office of the U.S. Tr.*, 327 F.3d 903, 907 (9th Cir. 2003) (citing *Sierra Club v. Whitman*, 268 F.3d 898, 901 (9th Cir. 2001)). "[S]uits against officials of the United States . . . in their official capacity are barred if there has been no waiver" of sovereign immunity. *Sierra Club*, 268 F.3d at 901. Absent a waiver of sovereign immunity, courts have no subject matter jurisdiction over cases against the government. *United States v. Mitchell*, 463 U.S. 206, 212, 580 (1983). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text . . . and will not be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996). Waiver of sovereign immunity is to be strictly construed in favor of the sovereign. *Id.*; *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992).

Plaintiff names the "Fresno FBI," "Los Angeles FBI," and "Sacramento FBI" as Defendants. Federal agencies are not generally amenable to suit, and the court lacks jurisdiction over suits against a federal agency absent express statutory authorization. *Gerritsen v. Consulado General De Mexico*, 989 F.2d 340, 343 (9th Cir. 1993). To the extent Plaintiff is alleging § 1983 claims against these federal agencies, her claims are dismissed with prejudice and without leave to amend for failure to state a claim.

### ii. State Agencies Are Not Amenable To Suit

Plaintiff also names the Fresno Police Department, "Child Protective Services," and the Fresno County Superior Court as Defendants.

To the extent Plaintiff is attempting to pursue a civil rights claim against the Fresno Police Department, she may not do so. A claim for civil rights violations pursuant to 42 U.S.C. § 1983 requires a "person" acting under color of state law. 42 U.S.C. § 1983. Local governmental units, such as counties or municipalities, are considered "persons" within the meaning of § 1983. *Will v.*

*Michigan Dep't of State Police*, 491 U.S. 58, 70, (1989).  However, municipal departments and sub-units, including police departments, are generally not considered "persons" within the meaning of Section 1983.  *United States v. Kama*, 394 F.3d 1236, 1239 (9th Cir. 2005) (Ferguson, J., concurring) (municipal police departments and bureaus are generally not considered "persons" within the meaning of 42 U.S.C. § 1983); *see also Sanders v. Aranas*, No. 1:06-cv-1574-AWI-SMS, 2008 WL 268972, at *2-3 (E.D. Cal. Jan. 29, 2008) (Fresno Police Department not a proper defendant because it is a sub-department of the City of Fresno and is not a person within the meaning of § 1983).  The Fresno Police Department is not a proper defendant because it is a subdivision of the municipality.

The Eleventh Amendment precludes actions against an unconsenting state or an arm of the state.  *See, e.g., Idaho v. Coeur d'Alene*, 521 U.S. 261, 167-68 (1997); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 70-72 (1996).  To the extent Plaintiff is attempting to pursue a civil rights claim against the Child Protective Services department, she may not do so.  *See, e.g., Will v. Michigan Dep't of State Police*, 491 U.S. at 65-67 (1989); A*ustin v. State Indus. Ins. Sys.*, 939 F.2d 676, 678 (9th Cir. 1991) (the "central concern" of determining that a department is an 'arm of the state' is "whether a judgment against the entity named as a defendant would impact the state treasury").  Child Protective Services is not a proper defendant because it is a state entity immune from suit under the Eleventh Amendment.

The Eleventh Amendment of the U.S. Constitution also renders state entities, including state superior courts, immune from tort actions for damages.  U.S. Const. amend. XI.  The Eleventh Amendment also bars suits for injunctive relief where the defendant is the State, itself, as opposed to a state official.  *See Seminole Tribe of Florida*, 517 U.S. at 58; *Cory v. White*, 457 U.S. 85, 90-91 (1982).  California superior courts, like the Fresno County Superior Court, here, have consistently been construed as state entities for purposes of Eleventh Amendment immunity.  *Hyland v. Wonder*, 117 F.3d 405, 413 (9th Cir.1997); *Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir.1987).  The Fresno County Superior Court is not a proper defendant because it is a state entity immune from suit under the Eleventh Amendment.

Even assuming, for the sake of argument, that these entities are appropriate "persons" subject to suit under § 1983, the complaint fails to state a claim against them because there is no allegation that any action inflicting injury flowed from either an explicitly adopted or a tacitly authorized governmental policy. *See Monell*, 436 U.S. at 691 (1978); *Ortiz v. Washington Cty.*, 88 F.3d 804, 811 (9th Cir. 1996). To the extent Plaintiff can articulate facts demonstrating a nexus between an alleged injury and an explicitly adopted or tacitly authorized governmental policy, amendment will be permitted on her § 1983 claims against these state entities.

### iii.   Foreign Governmental Entities Are Not Amenable to Suit

To the extent Plaintiff is attempting to pursue a civil rights claim against the Government of Mexico or City/County of Tijuana (*see* Doc. 1 (naming "Federal Govierno Mexico" and "Tijuana MX"), she may not do so. Section 1983 provides a cause of action to any "person within the jurisdiction" of the United States for the deprivation "of any rights, privileges, or immunities secured by the Constitution and laws." Mexico and Tijuana are not appropriate entities for suit under § 1983. *Breard v. Greene*, 523 U.S. 371, 378 (1998). Neither Mexico nor Tijuana are a "person" as that term is used in § 1983. *See Moor v. Alameda County*, 411 U.S. 693, 699 (1973); *South Carolina v. Katzenbach*, 383 U.S. 301, 323-24 (1966); *cf. Will v. Michigan Dep't of State Police*, 491 U.S. 58. Mexico and Tijuana are not proper defendants under § 1983 because they are outside of the jurisdiction of the United States and this Court.

### iv.   CBHC Hospital May Not Be Amenable to Suit

The Court is unable to determine how "CBHC Hospital" is involved in the sparse factual allegation of the complaint. (*See* Doc. 1, p. 3 (identifying "CBHC Hospital" "clinician" as Defendant No. 3).) To the extent CBHC Hospital is a federal, state, or foreign governmental agency or entity, suit is likely barred under § 1983. To the extent CBHC Hospital is a private corporate entity, suit is likely inappropriate under § 1983, which does not address private actors. 42 U.S.C. § 1983.

Amendment will be permitted to the extent Plaintiff can articulate facts demonstrating CBHC Hospital is not immune to suit and establishing a nexus between an alleged injury caused by "CBHC" and an explicitly adopted or tacitly authorized governmental policy by CBHC

Hospital. If "CBHC" is another type of entity, amendment will be permitted to allow Plaintiff the opportunity to marshal facts sufficient to articulate a cognizable federal claim against CBHC under some other law or statute.

### 3. Plaintiff May File an Amended Complaint

Plaintiff's complaint fails to state a cognizable claim against Defendants. It is not clear what harm Defendants caused Plaintiff or how Plaintiff is entitled to relief under the law. The named Defendants are not generally amenable to suit, and if there is no applicable statutory basis to sue these federal agencies, the Court lacks jurisdiction over the complaint. However, "[r]ule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (quoting former version of Fed. R. Civ. P. 15(a)). As Plaintiff is proceeding pro se, she shall be given an opportunity to amend her claims to cure the identified deficiencies to the extent she can do so in good faith.

Plaintiff is advised that an amended complaint supersedes the original complaint. *See Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint must be "complete in itself without reference to the prior or superseded pleading." Rule 220 of the Local Rules of the United States District Court, Eastern District of California. Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Plaintiff may not change the nature of this suit by adding new, unrelated claims in her amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the Court will recommend that the complaint be dismissed with prejudice and without leave to amend.

//
//
//
//

### IV.   CONCLUSION AND ORDER

For the reasons set forth above, it is HEREBY ORDERED that:

1. Plaintiff's complaint is DISMISSED without prejudice and with leave to amend;
2. Within 30 days from the date of service of this order, Plaintiff shall file a first amended complaint; and
3. If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be recommended for dismissal for failure to state a claim upon which relief can be granted.

IT IS SO ORDERED.

Dated:   **May 19, 2016**                                   /s/ *Sheila K. Oberto*
                                                            UNITED STATES MAGISTRATE JUDGE