# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA C. GOMEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>FRESNO POLICE DEPARTMENT; FRESNO FBI; LOS ANGELES FBI; SACRAMENTO FBI; CBHC; FRESNO COUNTY SUPERIOR COURT; CHILD PROTECTIVE SERVICES<br><br>    Defendants.<br>_____/ | Case No. 1:16-cv-00526-LJO-SKO<br><br>**FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S COMPLAINT BE DISMISSED WITH PREJUDICE**<br><br>Objections Due: 30 Days |

## I. INTRODUCTION

On April 14, 2016, Plaintiff, proceeding pro se, filed a complaint against the Fresno Police Department, "Fresno FBI," "Los Angeles FBI," "Sacramento FBI," "CHBC," Fresno County Superior Court, "Child Protective Services," "Federal Govierno Mexico," and "Tijuana MX." (collectively "Defendants"). (Doc. 1). Plaintiff also filed a motion to proceed *in forma pauperis* ("IFP"). (Doc. 3.) On May 20, 2016, the undersigned dismissed Plaintiff's complaint for failure to state a cognizable federal claim and granted Plaintiff thirty days leave to file an amended complaint curing the pleading deficiencies identified in the order. (Doc. 4.) On June 20, 2016, Plaintiff timely filed an amended complaint, which has been duly screened pursuant to 28 U.S.C. § 1915(e)(2). For the reasons set forth below, it is RECOMMENDED that Plaintiff's complaint be DISMISSED with prejudice and without leave to amend.

## II.   FACTUAL ALLEGATIONS

Plaintiff's amended complaint consists of 31 handwritten pages. (Doc. 4.) Plaintiff appears to allege that her ex-husband was unfaithful to her and that when she overheard his mistress(es) at their home, Plaintiff's ex-husband denied she had heard them and told her the voices were "spirits." Plaintiff was then subjected to "gangstalking" which affected her marriage, her family, and her emotional and physical wellbeing. Someone at some point enslaved and tortured her "on Clark Street," someone's "cousins girlfriend" (*sic*) "jumped" her and put feces in her hair, and knocked her out, but Plaintiff wasn't hurt because she "didn't get boiled eggs." Plaintiff refers to Section 8 housing and welfare representatives, her ex-roommate who would leave a gate open, and money spent monthly on rent, water, sewage, and power, and alleges that "too many people snooped our life [who] had been spotted by an evil eye env[i]ed in disbelief."

The "FBI" "confused" Plaintiff in 2014 by informing her that her ex-husband had left the country. Either the FBI or Plaintiff's ex-husband were "unaware [her] physic medium abilities had started again" after a "spirit" began visiting a home because he liked the swimming pool. Plaintiff also alleges that

> . . . the ending to my marriage was almost an end to my life I had been str[i]cken with a firearm A363 left uncons[c]ious for dead. After Miguel was cheered on during raping me as Federal Agent Amanda Gomez Santa Clara had sex in joy I had to be raped and she got to have sex with Phillip whoever he is. . . . flashes fired off right side up near the temple and two times near the right eye viewing a marble black and white firearm lettering A363 in white letters rubber ammunition straight to the head caused me a slinky brain vision.

Plaintiff alleges that her father "should have never been removed from dept 96 that day" during what may have been a court proceeding following the incident where she saw a gun.

Plaintiff also alleges that "BlueJae's mother" somehow missed several court appearances at unspecified locations and states that she "hopes to clear it today as my ammends (*sic*) should get turned over to the US District Court everything I've been thru." Plaintiff's mother and father are either guardians of her children or seeking guardianship of her children.

Plaintiff states "some guy" approached her on June 5, 2015, "claiming he was going to go and monitor Priscila Heavenz BlueJae" and then Plaintiff accused that person of trying to drive her crazy. Plaintiff also provides multiple mobile phone numbers, alleging that certain numbers had

been stolen and cloned to prevent her from seeking help from unidentified individuals, agencies, or other authorities.  Among the various random references are a "request for sausage at 2:23 pm," "street prostitution" and "sex trains floaters human trafficking," her ex-husband "tricking" in Las Vegas, and "destruction" of her life which "has flooded Central Fresno's brains" with "glow cloudy shadows who[se] mouth's (*sic*) run and non-stop complain" about her.  Plaintiff closes her amended complaint by stating that Social Security has denied her three times.

Plaintiff attaches a copy of her state drivers licenses with her maiden and married names; her marriage certificate; a printout from the website "www.experienceproject.com/stories/Am-Being-Gang-Stalked/2414530" detailing mind control, social control, "thought surveillance," "remote neural surveillance" "symptoms" of "gangstalking"; psychiatric treatment records with a handwritten note that "V2K claiming to be the FBI reported as ordered"; police reports; and credit card statements.

### III. DISCUSSION

**A.   Screening Standard**

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "[A] complaint must contain sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "[A] complaint [that] pleads facts that is 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Twombly*, 550 U.S. at 555). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

**B.    Plaintiff Fails to State a Cognizable Claim**

Plaintiff was previously granted leave to amend and provided with the relevant pleading standards. Plaintiff's amended complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a claim upon which relief can be granted.

1.    **Federal Rules of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556-57.

Under Rule 8, "[e]ach allegation must be simple, concise, and direct." Dismissal is appropriate under Rule 8 where a complaint is "argumentative, prolix, replete with redundancy and largely irrelevant." *McHenry v. Renne*, 84 F.3d 1172, 1177, 1178-79 (9th Cir. 1996). *See also Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981) (affirming dismissal of a "verbose, confusing and conclusory" complaint under Rule 8). "Something labeled a complaint but . . . prolix in evidentiary detail, yet without simplicity, conciseness and clarity as

to whom plaintiff[ ] [is] suing for what wrongs, fails to perform the essential functions of a complaint." *McHenry*, 84, F.3d at 1180. Further, in evaluating whether a complaint should be dismissed under Rule 8, dismissal does not turn upon whether "the complaint is wholly without merit." *Id.* at 1179.

Plaintiff's complaint fails to plead a short and plaint statement of the elements of her claim under Rule 8. It is unclear who Plaintiff is alleging wronged her, what entities she believes were acting in concert to wrong her, what wrong she is alleging occurred, and what harm she suffered as a result of that legal wrong. (*See* Doc. 4.) The Court cannot apprehend from Plaintiff's statements exactly what happened and who was involved.

Plaintiff's complaint again fails to provide any information regarding the nature of her claims or the underlying causes of action. The Court cannot ascertain what legal claims Plaintiff is attempting to assert against which defendants or even how the named defendants are involved in this action. Accordingly, Plaintiff's Complaint must be dismissed for failure to comply with the pleading standards of Rule 8. *See McHenry*, 84 F.3d at 1177-80.

2. **Claims Under 42 U.S.C. § 1983**

While the factual allegations underpinning Plaintiff's complaint are unclear, to the extent she is attempting to set forth a civil rights claim, the Civil Rights Act provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. This section plainly requires that there be an actual nexus or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).

> A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.

*Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff again fails to specifically link any defendant in this action to her claims, despite guidance from this Court that on amendment she must allege what each defendant did or did not do that resulted in the violation of her constitutional rights. Dismissal is proper when the complaint fails to allege either a cognizable legal theory or there is an absence of sufficient facts alleged under a cognizable legal theory. *Shroyer v. New Cingular Wireless Services, Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

Even were Plaintiff's amended complaint to include the barest allegations establishing the requisite elements to state a claim under § 1983, as discussed in the Court's screening order, the named defendants are all either immune from suit or improper parties to be sued under § 1983. Plaintiff cannot pursue a civil rights complaint against the "Fresno FBI," "Los Angeles FBI," and "Sacramento FBI." *See Gerritsen v. Consulado General De Mexico*, 989 F.2d 340, 343 (9th Cir. 1993). Plaintiff cannot pursue a civil rights claim against the Fresno Police Department. *See Sanders v. Aranas*, No. 1:06-cv-1574-AWI-SMS, 2008 WL 268972, at *2-3 (E.D. Cal. Jan. 29, 2008) (Fresno Police Department not a proper defendant because it is a sub-department of the City of Fresno and is not a person within the meaning of § 1983). Plaintiff cannot pursue a civil rights claim against the Child Protective Services department. *See, e.g., Will v. Michigan Dep't of State Police*, 491 U.S. at 65-67 (1989); A*ustin v. State Indus. Ins. Sys.*, 939 F.2d 676, 678 (9th Cir. 1991) (the "central concern" of determining that a department is an 'arm of the state' is "whether a judgment against the entity named as a defendant would impact the state treasury"). Plaintiff cannot pursue a civil rights claim against Fresno Superior Court. *See Hyland v. Wonder*, 117 F.3d 405, 413 (9th Cir.1997); *Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir.1987). Plaintiff cannot pursue a civil rights claim against the Government of Mexico or City/County of Tijuana (*see* Doc. 1 (naming "Federal Govierno Mexico" and "Tijuana MX). *See Breard v. Greene*, 523 U.S. 371, 378 (1998). Finally, assuming the "CBHC Hospital" named as a defendant is "Community Behavioral Health Clinic," § 1983 does not address private actors and Plaintiff cannot pursue a civil rights claim against the hospital.

///

///

**C.     Amendment Would be Futile**

Plaintiff has demonstrated that she is unable to marshal facts sufficient to constitute a cognizable federal claim, and her Amended Complaint must be dismissed for failure to recite a plain and concise statement of allegations under Fed. R. Civ. P. Rule 8.  Plaintiff has been granted leave to amend, but her amendment shows that the addition of more detailed factual allegations or revision of Plaintiff's claims will not cure the many defects of her complaint.  "Complaints that are filed in repeated and knowing violation of Federal Rule 8's pleading requirements are a great drain on the court system, and the reviewing court cannot be expected to 'fish a gold coin from a bucket of mud.'"  *Knapp v. Hogan*, 738 F.3d 1106, 1111 (9th Cir. 2013), *cert. denied*, 135 S.Ct. 57 (2014) (quoting *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003)).  Accordingly, leave to amend would be futile and the action should be dismissed with prejudice. *See Cahill v. Liberty Mut. Ins. Co*., 80 F.3d 336, 339 (9th Cir. 1996).

### IV.     CONCLUSION AND RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's complaint be DISMISSED with prejudice and without leave to amend.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within thirty (30) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:     **June 24, 2016**                               /s/ *Sheila K. Oberto*
                                                UNITED STATES MAGISTRATE JUDGE